BLUE, Acting Chief Judge.
Terry Lyons appeals his conviction for grand theft from a casino ship that embarked from Florida shores. Although the majority of Lyons’ thievery occurred outside of Florida’s territorial waters, we conclude that the State had jurisdiction to prosecute him for his criminal conduct. We reject Lyons’ legal challenges to his conviction and therefore, affirm.
Lyons boarded a casino ship in Treasure Island, Florida. The ship left Treasure Island and when it was outside of Florida’s territorial waters, the gambling machines were turned on. In less than five minutes, Lyons was confronted by the casino staff for his use of a cheating device. Lyons had been using the device on a $1 slot machine and had obtained between $100 and $150 in tokens from the machine. He was detained by *72 the ship’s captain and subsequently turned over to the Treasure Island police. The State of Florida thereafter charged Lyons with grand theft of $300 or more from the casino ship.
Lyons filed three motions to dismiss the charge: a motion challenging the jurisdiction of the State of Florida over the subject matter; a motion challenging the constitutionality of section 910.006, Florida Statutes (1993); and a motion pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Following hearings, the trial court denied the motions. Lyons entered a plea of no contest to the grand theft charge, specifically reserving his right to appeal the denial of the motions.
Florida has state criminal jurisdiction over “[a]n offense that is committed partly within this state if either the conduct that is an element of the offense or the result that is an element, occurs within the state.” § 910.005(2), Fla. Stat. (1993). By boarding the ship armed with the “cheating device,” Lyons obviously boarded the ship having formed his plan to steal from the casino. The element of intent having occurred in Florida, the State had jurisdiction. See Keen v. State, 504 So.2d 396 (Fla.1987), overruled on other grounds, Owen v. State, 596 So.2d 985, 990 (Fla.1992). Because the State had jurisdiction under section 910.005(2), there is no need to reach the question challenging the constitutionality of section 910.006 in this case.
Additionally, the court correctly denied Lyons’ rule 3.190(e)(4) motion. In the motion, Lyons swore that he had taken less than 300 tokens with a value of one dollar each. Lyons contended that the undisputed facts supported a charge of petit, not grand, theft. The State filed a traverse to the motion to dismiss in which it specifically alleged facts to support the greater charge. A material fact was therefore in dispute and the court properly denied the motion. See Fla. R.Crim. Pro. 3.190(d).
The State of Florida properly exercised its jurisdiction under section 910.005, over Lyons’ criminal conduct. We affirm his conviction and sentence.
Affirmed.
WHATLEY and NORTHCUTT, JJ., concur.